UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JERRY THOMAS,

Plaintiff,

v.  409CV049

STATE FARM MUTUAL AUTOMOBILE COMPANY,

Defendant.

## ORDER
### I. INTRODUCTION

Defendant State Farm Mutual Automobile Company ("State Farm") removed this suit for wrongful denial of coverage from the state court in Chatham County, Georgia based on diversity jurisdiction. Doc. # 1; *see* 28 U.S.C. § 1332(a). In its removal notice, State Farm noted that the case met the two requirements of § 1332(a) – complete diversity[1] and an amount in controversy over $75,000. Doc. # 1 at 1.

State Farm then moved for summary judgment. Doc. # 4. Within his "statement of material facts" in response to the summary judgment motion, plaintiff Jerry Thomas included a two-sentence "motion" to remand the case to state court, stating only that "defendant admits that the amount in controversy is only $25,000. Thus, the threshold for diversity is not met and this action should be remanded to state court." Doc. # 5-3 at 1 (citing "Defendant's Fact #5 of its Material Facts" as State Farm's admission that only $25,000 was in controversy). In response, State Farm urged that, because "plaintiff cites to no supporting legal authorities to support a motion to remand," "it is questionable whether this even constitutes a valid motion under [S.D.GA.L.R. 7.1]."[2] Doc. # 8 at 1. Additionally, State Farm argues that although it does not dispute "that State Farm's maximum exposure for underinsured motorist benefits [at issue in this claim] is $25,000," the amount in controversy requirement is well-satisfied here because Thomas also seeks $20,000,000 in punitive damages. *Id.* While State Farm is likely correct in its assertion that Thomas' lackadaisical motion violates this Court's local rules, even without a motion by Thomas, the Court is obligated to *sua sponte* examine the sufficiency of its jurisdiction over the case. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) (raising *sua sponte* the issue of whether the case involved a sufficient amount in controversy).

### II. BACKGROUND

According to the facts included in the complaint, on 2/23/07 plaintiff Jerry Thomas was involved in a vehicular accident when an oncoming driver crossed into Thomas' lane and struck his vehicle. Doc. # 1 at 7. At the time of the accident, Thomas held an

---

[1] Plaintiff Jerry Thomas is a citizen of Georgia, while State Farm Automobile Insurance Company is an Illinois corporation with its principal place of business in Illinois. Doc. # 1 at 1.

[2] Local Rule 7.1 states: "Unless the assigned Judge prescribes otherwise, every motion filed in civil proceedings shall cite to supporting legal authorities." S.D.GA.L.R. 7.1.

underinsured motorist policy issued by State Farm. *Id.* at 7-8. After receiving some compensation from the other driver's insurance company, Thomas (through his attorney) presented State Farm with a demand of $25,000 (the policy limit amount), *id.* at 18-21 (demand letter, attached as exh. B to Thomas' complaint), to compensate Thomas for his "medical bills and pain and suffering that had not been covered by [the other driver's] insurance," *id.* at 8. State Farm "denied that it timely received Mr. Thomas' claim and requested [and was granted] an extension [of time] to respond...." *Id.* Then, after entering an incorrect accident date into the company's system, State Farm reported that Thomas had not been covered by a State Farm policy at the time of the accident. *Id.* at 26-30 (exhs. E-F to Thomas' complaint). After Thomas corrected State Farm's mistake as to the date of the accident, a State Farm representative reviewed the claim and Thomas' medical records, and ultimately denied the claim. Doc. # 1 at 9- 10. As a result, Thomas filed this suit in state court. *See id.*

### III. ANALYSIS

A defendant may remove from a state court any action over which a federal district court has original jurisdiction. 28 U.S.C. § 1441. Federal district courts are authorized to assert jurisdiction over cases (even those composed only of state law-based claims) where plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A defendant who removes a case to federal court, however, bears the burden of proving the propriety of federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citing *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)). If a district court has reservations as to the existence of federal jurisdiction, that doubt must be resolved in favor of remanding the case to state court. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

Here, Thomas' complaint does not specify the amount of compensatory and special damages he seeks from State Farm for his underinsured motorist claim. Doc. # 1 at 12 ("Mr. Thomas prays ... [t]hat plaintiff obtain a judgment for damages against the defendant in a sufficient amount to compensate plaintiff for damages sustained."). Where the plaintiff has not pled a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The underinsured motorist policy underlying this action provides for a maximum of $25,000 in coverage for this one-person injury, so even if Thomas seeks the maximum amount, his compensatory damages claim alone comes nowhere near satisfying the amount in controversy. *See* doc. # 1 at 16, 17 (exh. A to Thomas' complaint, consisting of the certificates of coverage provided to Thomas by State Farm, which state that "the coverages [sic] and limits of liability for this policy on [the date of the accident] were ... 25/50/25"); *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833, 834 (1983) (stating that, "[u]nder the Uninsured Motorist Act, [the insured] is entitled to recover for [his] actual loss 'within the limits of the policy or policies of which []he is the beneficiary'") (quoting *State Farm Mut. Auto. Ins. Co. v. Murphy*, 226 Ga. 710, 714 (1970)). Notably, however, Thomas additionally seeks $20,000,000 in punitive damages, which must be considered in determining whether the amount in controversy requirement is met "unless it is apparent to a legal certainty

2

that such [punitive damages] cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Thus, the Court's jurisdiction over this case hinges on the validity of Thomas' punitive damages claim since, without it, the amount in controversy requirement is not satisfied.

Ironically, before Thomas raised the jurisdictional issue at hand, State Farm filed a summary judgment motion wherein it specifically argued, *inter alia*, that Thomas is legally barred from obtaining punitive damages in this case. *See* doc. # 4-2 at 10 ("With regard to the claim for punitive damages ... it is clear that all such claims are precluded as a matter of law."). Thus, State Farm, *albeit* inadvertently, has basically argued against itself on the punitive damages issue in the amount-in-controversy context. Nonetheless, in response to Thomas' lackadaisical motion, State Farm avers that its previous stance can be reconciled here; State Farm now argues inconsistently that, although it "certainly contends that [Thomas'] claims for alleged fraud and the related claim for $20,000,000 in punitive damages are completely without merit and are frivolous, ... [because] they are asserted in the Complaint ... [they] must be dealt with" and considered part of the amount in controversy. Doc. # 8 at 2. State Farm is obviously mistaken. If it is correct in its previous argument that punitive damages clearly cannot be recovered here, then they will not be considered part of the amount in controversy.

The basis for Thomas' punitive damages claim is a little unclear. He states in his complaint that that the current action has been brought "as a result of State Farm['s] ... bad faith refusal to settle [his] claims," and he later urges that State Farm "should be punished for lying to Mr. Thomas and tricking him into relying upon [its] promise that he would receive payment ... if [he] was ever injured" by an underinsured driver. Doc. # 1 at 11-12. He then states that State Farm "should be punished for performing the same above referenced bad faith dealing and negotiating with other citizens it has insured in the past." *Id.* at 12. He thus requests $20,000,000 in punitive damages in order to "deter defendant from repeating said actions in the future." *Id.*

The Uninsured Motorist Act ("the Act"), O.C.G.A. § 33-7-11, governs Thomas' claims for coverage against State Farm. *See Hall v. Regal Ins. Co.*, 202 Ga. App. 511, 512 (1991) (explaining that the definition of "uninsured motor vehicle" "include[s] the *under*insured motor vehicle situation") (emphasis added). Subsection (j) of the Act provides in pertinent part as follows:

> If the insurer shall refuse to pay any insured any loss covered by this Code section within 60 days after a demand has been made by the insured and a finding has been made that such refusal was made in bad faith, the insurer shall be liable to the insured in addition to any recovery under this Code section for not more than 25 percent of the recovery and all reasonable attorney's fees for the prosecution of the case under this Code section."

O.C.G.A. § 33-7-11(j). In *McCall v. Allstate Ins. Co.*, the Supreme Court of Georgia affirmed the denial of an insured's claim for punitive damages based on her insurer's allegedly bad faith refusal to pay her uninsured motorist claim. 251 Ga. 869, 872 (1984). The state's highest court explained that punitive damages are not available in this context because the penalty provision in § 33-7-11(j) was "intended by the General Assembly to be the *exclusive* procedure and penalty" for an insurer's wrongful refusal to pay a claim for

3

uninsured motorist insurance benefits. *Id.* (emphasis added).

Thus, it is "apparent to a legal certainty" that Thomas cannot recover punitive damages in this case. He may only seek penalties against State Farm pursuant to the statutory procedure and formula set forth in O.C.G.A. § 33-7-11(j). Thomas has not asserted a § 33-7-11(j) claim, however. And even if he did, due to the policy limit of $25,000, State Farm could not show by a preponderance of the evidence that subsection (j) would entitle Thomas to more than $50,000 in penalties and attorney's fees, in order to satisfy the total amount in controversy requirement.[3]

## IV. CONCLUSION

It therefore appears to the Court that Thomas' claim does not meet the amount in controversy requirement for diversity jurisdiction. Although Thomas, who technically raised the jurisdictional issue himself, had ample opportunity to address this topic, he did not do so. Thomas and State Farm can rest assured, however, that in the event that Thomas attempts to circumvent the removal process by raising claims in state court (upon remand) that satisfy this Court's amount in controversy requirement, this Court will welcome -- without hesitation -- a second notice of removal by State Farm. The Court thus advises that if Thomas does intend to claim entitlement to any sums in excess of the policy limit relied upon by the Court in this Order (aside from the punitive damages claim addressed herein), he should not simply remain silent in the midst of the remand, but he should alert the Court of such claims. Therefore, Thomas shall have **ten (10) days** from the date of this Order to make such a notification upon the Court. In the absence of such notification, however, the Court will conclude that Thomas' only claims are those addressed within this Order, the case will be remanded to the State Court of Chatham County, Georgia.

This day of 20 October 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] For instance, even if Thomas did assert a successful § 33-7-11(j) claim, he would only be entitled to -- *at most* -- a $6,250 penalty (25% of the maximum recovery amount of $25,000) plus his *reasonable* attorney's fees, which -- assuming they would even be considered part of the amount in controversy -- are not likely "by a preponderance of the evidence" to be more than $43,750, in order to place the total amount in controversy over $75,000. *See* O.C.G.A. § 33-7-11(j); *Best Buy*, 269 F.3d at 1319 (Where the plaintiff has not pled a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.").

4